IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LANCE CONWAY WOOD,

              Plaintiff,

      v.

SUE WASHBURN, Superintendent of
Eastern Oregon Correctional Institution;
MOLISSA NOFZIGER, Assistant
Inspector General for Oregon Department
of Corrections; JERRY PLANT, Inspector
3 FOR ODOC; and HEATHER NEVIL,
Hearing Officer for EOCI, all named
defendants are sued in their individual and
official capacities,

              Defendants.

Case No. 2:20-cv-00362-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Lance Conway Wood ("Wood"), a self-represented individual in custody at

the Eastern Oregon Correctional Institution ("EOCI"), filed this civil rights action against

several Oregon Department of Corrections ("ODOC") officials ("Defendants"), alleging that

Defendants retaliated against him for exercising his right of access to the courts and deprived

him of due process during his disciplinary proceeding. Currently before the Court is Wood's

PAGE 1 – OPINION AND ORDER

motion for sanctions under Federal Rule of Civil Procedure 37. (ECF No. 63.) The parties

have consented to the jurisdiction of the undersigned U.S. Magistrate Judge for all

proceedings in this case pursuant to 28 U.S.C. § 636(c)(1). For the following reasons, the

Court denies Wood's motion for sanctions.

## BACKGROUND

On January 27, 2021, Wood filed a motion to compel further responses to his

discovery requests. (ECF No. 41.) On March 8, 2021, the Court granted in part and denied

in part Wood's motion to compel, and ordered Defendants to provide the Court for its in

camera inspection a copy of the relevant Special Investigation Unit ("SIU") investigation

file Defendants had withheld from production to Wood. (ECF No. 50 at 2-3.) Upon the

Court's in camera review of the SIU report and its exhibits, the Court ordered Defendants

to produce to Wood a redacted copy of the SIU report and certain exhibits. (ECF Nos. 65,

69.)

On April 30, 2021, Wood filed this motion for sanctions (ECF No. 63), to which

Defendants responded on May 27, 2021 (ECF No. 73), and Wood replied on June 16,

2021 (ECF No. 88). In his reply, Wood accused Defendants of deliberately withholding a

video from him and misrepresenting to the Court the number of relevant videos in their

possession, custody, and control. (*Id.*)

In response, Defendants provided a detailed account of their procedures to locate

videos responsive to Wood's discovery requests (i.e., videos of the urinalysis collected

from Wood on October 21, 2019). (ECF No. 92.) In their sur-reply, Defendants explained

that in the course of preparing their response to the allegations in Wood's reply, they

located and produced a fourth video clip, after previously disclosing only three video clips

to Wood. (*Id.* at 3.)

PAGE 2 – OPINION AND ORDER

In light of discrepancies in Defendants' sur-reply, the Court ordered Defendants again to supplement their response to Wood's motion for sanctions, to provide the following information in a sworn declaration:

(i)     confirm whether Investigator Plante reviewed the 3:07 minute video covering 7:14:11-7:17:17pm (the "7:14 Video") in connection with his December 2019 SIU Investigative Report (the video is not referenced in the Investigative Report, nor did Defendants provide the video to the Court as part of Exhibit F to the Investigative Report, but Defendants continue to represent in their Sur-Reply that the 7:14 Video was an exhibit to the Investigative Report);

(ii)    confirm whether Hearings Officer Nevil or the Office of the Inspector General reviewed the 7:14 Video in connection with their review of the October 21, 2019 incident;

(iii)   confirm when and how each of the four relevant video excerpts were created (including providing a screen shot of the "date created" in the EXIF data of each video), in what manner the videos were preserved, and why the three videos maintained in Wood's disciplinary hearing file were different than the three videos attached to the Investigative Report; and

(iv)    confirm that Defendants preserved only the four excerpts identified to date from the October 21, 2019, video footage, and did not have any other excerpts of the footage in their possession, custody, or control, beyond the approximately 30-day video overwriting period.

(ECF No. 99.) The Court also ordered Defendants to provide the Court with a copy of the "7:14 Video" for in camera inspection. (*Id.*)

On August 16, 2021, Defendants filed a supplemental response and five sworn declarations, explaining the discrepancies in their prior productions, answering the Court's questions, and noting that they had located a fifth video clip not previously disclosed to Wood (although they had already disclosed two excerpts from the missing video clip) that they were now providing to Wood and the Court. (ECF No. 103 at 2, 15.)

///

///

PAGE 3 – OPINION AND ORDER

**DISCUSSION**

## I.     LEGAL STANDARDS

Federal Rule of Civil Procedure 37(b) "empowers the court to take remedial

actions if a party 'fails to obey an order to provide or permit discovery[.]'" *Sali v. Corona*

*Reg'l Med. Ctr.*, 884 F.3d 1218, 1222 (9th Cir. 2018) (quoting FED. R. CIV. P.

37(b)(2)(A)). In the Ninth Circuit, discovery sanctions are appropriate only in "extreme

circumstances" and where the discovery violation is "due to willfulness, bad faith, or fault

of the party." *Fair Hous. of Marin v. Combs,* 285 F.3d 899, 905 (9th Cir. 2002) (quoting

*United States v. Kahaluu Constr. Co.*, 857 F.2d 600, 603 (9th Cir. 1988)); *see also*

*Chambers v. NASCO, Inc*., 501 U.S. 32, 45-46 (1991) (holding that a district court may

assess attorney's fees as a discovery sanction when a party has "acted in bad faith,

vexatiously, wantonly, or for oppressive reasons") (simplified).

## II.    ANALYSIS

Wood asks the Court to impose sanctions on Defendants for failing to produce all

relevant videos, audio, and emails responsive to his discovery requests, to include (i)

entering summary judgment for Wood; (ii) awarding damages in the amount of

$1,000,000; (iii) removing the misconduct report from Wood's institutional file; (iv)

reinstating Wood's job as legal assistant in the EOCI law library and ordering Defendants

to pay back wages totaling $1,000; (v) awarding $300,000 in exemplary damages; and (vi)

awarding attorney's fees and expenses in amount of $160,000. (ECF No. 63 at 2.) Wood

also asks the Court to consider alternative sanctions, including (i) preventing Defendants

from presenting any evidence or testimony related to the missing evidence; (ii) ordering a

jury instruction that Defendants destroyed evidence favorable to Wood; and (iii) awarding

$300,000 in exemplary damages and $60,000 in attorney's fees and expenses. (*Id.*)

PAGE 4 – OPINION AND ORDER

As a result of Wood's motion to compel, Defendants located and made available to Wood two additional video clips from Wood's October 21, 2019 urinalysis that they did not disclose in their original production. Defendants' discovery of a fourth and fifth video after their initial production, and only after prodding from the Court, reflects a lack of diligent search and recordkeeping procedures. Thus, the Court understands Wood's frustration with the discovery process, and his perception that Defendants have attempted to hide evidence.

However, having carefully reviewed all of the parties' filings, the Court concludes that neither Defendants nor their counsel withheld the missing videos intentionally or in bad faith. Importantly, Wood has not identified any withheld video footage that supports his version of events. Furthermore, Defendants have now made the missing video clips available to Wood (prior to the close of discovery and the dispositive motions deadline), and Wood has therefore not suffered any prejudice from Defendants' tardy production of the missing video clips. *See Bollow v. Fed. Rsrv. Bank of San Francisco*, 650 F.2d 1093, 1102 (9th Cir. 1981) (affirming denial of Rule 37 motion for sanctions where moving party could not demonstrate prejudice).

Although Wood raises legitimate concerns about Defendants' recordkeeping and discovery protocols, the Court finds that Defendants did not withhold discovery intentionally or in bad faith, their failure to include all relevant video clips in their original production appears to be the result of negligence only, and Wood has suffered no prejudice from the delayed disclosure. In addition, it does not appear on the record before the Court that Defendants intentionally deleted any relevant video or audio evidence or any electronic messages. Furthermore, Defendants addressed all of the Court's concerns

regarding discrepancies in the record to the Court's satisfaction. For these reasons, the

Court concludes that Defendants have not engaged in any sanctionable conduct.

## CONCLUSION

For the reasons set forth above, the Court DENIES Wood's motion for Rule 37

sanctions (ECF No. 63). The Court also DENIES AS MOOT Wood's motion for

clarification of the Court's May 11, 2021, discovery order (ECF No. 70), on the ground

that Defendants have now made the relevant audio and video files available to Wood for

inspection and Defendants need not disclose any additional information about the

information the Court ordered they may redact from the SIU investigation report.[1]

**IT IS SO ORDERED.**

DATED this 18th day of October, 2021.

HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[1] Wood requested that Defendants produce a copy of the video evidence to him so that he may provide it to a urinalysis expert. (ECF No. 70 at 2.) If Wood has identified a urinalysis expert who requires a copy of the relevant videos, Wood may confer with defense counsel regarding providing a copy of the videos directly to the identified expert pursuant to a protective order, or Wood may seek a court order requiring the production of the video evidence to an identified expert.