IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LANCE CONWAY WOOD,<br><br>                Plaintiff,<br><br>     v.<br><br>SUE WASHBURN, Superintendent of Eastern Oregon Correctional Institution; MOLISSA NOFZIGER, Assistant Inspector General for Oregon Department of Corrections; JERRY PLANT, Inspector 3 FOR ODOC; and HEATHER NEVIL, Hearing Officer for EOCI, all named defendants are sued in their individual and official capacities,<br><br>                Defendants. | Case No. 2:20-cv-00362-SB<br><br>**OPINION AND ORDER** |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Lance Conway Wood ("Wood"), a self-represented adult in custody ("AIC") at the Eastern Oregon Correctional Institution, filed this civil rights action against several Oregon Department of Corrections officials (together, "Defendants") under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights under the First, Eighth, and Fourteenth Amendments.

PAGE 1 – OPINION AND ORDER

The Court previously denied Wood's motion for summary judgment and granted Defendants' motion for summary judgment. (*See* Op. & Order, ECF No. 176.) Now before the Court is Wood's "objection" to the Court's opinion, which the Court interpreted as a motion for reconsideration because all parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c)(1). (*See* ECF No. 180.)

"A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." *School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* (citation omitted). Wood has not presented any newly discovered evidence nor identified an intervening change in controlling law.

Further, Wood has not identified any clear error in the Court's opinion, nor demonstrated that the decision was manifestly unjust. Although Wood argues that the Court erred by not considering evidence that prison officials collected his urine sample in contravention of applicable prison regulations (Pl.'s Obj. at 4-6), the Court considered Wood's evidence and viewed that evidence in a light most favorable to him, but nevertheless concluded that Defendants satisfied the minimally stringent due process requirements for prison disciplinary proceedings even if Wood's urine sample was collected in contravention of Oregon administrative rules and potentially subject to cross-contamination. (*See* Op. & Order at 12-22.)

Wood relies on the Ninth Circuit's unpublished opinion in *Koch v. Lewis*, 62 F.3d 1424 (9th Cir. 1995), in which the Ninth Circuit reversed in part the district court's grant of summary

PAGE 2 – OPINION AND ORDER

judgment for defendant prison officials in a similar case. However, in *Koch*, the plaintiff alleged that prison officials ordered the collection of his urine in retaliation for his past legal actions, which Wood does not allege here. Nor does Wood allege that the prison followed its standard collection procedures for other individuals on the day in question but singled him out for different treatment in retaliation. (*See* Op. & Order at 3.) Instead, Wood acknowledges that prison officials ordered several AICs to test on the day in question, and that an AIC handled all of the urine samples, not just Wood's sample. Thus, Wood does not allege that either the collection of his urine or the method of collection were retaliatory, but that Defendants retaliated against him during the resulting disciplinary proceedings by relying on the collection procedures without considering the possibility of cross-contamination.

However, as the Court discussed in detail in its original opinion, during Wood's disciplinary proceedings Defendants considered Wood's allegations that an AIC collected his urine in contravention of prison regulations, conducted an investigation into Wood's allegations, interviewed Wood, reviewed video of the urine collection, and concluded there was no evidence of cross-contamination in the collection of his urine. (*See* Op. & Order at 3-5.) In light of Defendants' consideration and investigation of Wood's allegations and evidence, and because Defendants also provided Wood with written notice of the charges, time to prepare a defense, and a copy of the written decision, the Court appropriately concluded that Defendants afforded Wood the process he was due and that there was some evidence to support the finding that Wood possessed contraband. *Cf. Gutierrez v. Reyersbach*, No. 2:22-CV-01492-JDP (PC), 2022 WL 17343783, at *2 (E.D. Cal. Nov. 30, 2022) (holding that the plaintiff's "allegation that [a prison official] charged him with possessing a contraband cell phone based on insufficient or unlawfully obtained evidence fails to state a cognizable procedural due process claim" because a

PAGE 3 – OPINION AND ORDER

"prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest") (simplified). As such, this case is different than *Koch*, in which the defendant prison officials considered only the positive drug test resulting from improper collection methods to conclude that the plaintiff had used controlled substances without considering or investigating the plaintiff's allegations of improper handling.

Finally, Federal Rule of Civil Procedure 60(b) also provides for reconsideration "upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J*, 5 F.3d at 1263 (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)); *see also* FED. R. CIV. P. 60(b) (listing grounds for relief). None of these potential grounds for relief apply here.

## CONCLUSION

For these reasons, the Court denies Wood's motion for reconsideration (ECF No. 178).

DATED this 27th day of December, 2022.

*Stacie F. Beckerman*
_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 4 – OPINION AND ORDER